IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEVEN WILLIAMS,

    Plaintiff,

v.        Case No. 2:24-cv-00044

WILLIAM MARSHALL, DCR Commissioner, *et al.*,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDATION**

This civil action is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Plaintiff's Motion for Preliminary Injunction (ECF No. 3).

### I.    BACKGROUND

Plaintiff is a West Virginia state prisoner currently incarcerated at the Northern Correctional Center, in Moundsville, West Virginia. On January 26, 2024, Plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) asserting various constitutional challenges surrounding two disciplinary violations and his subsequent placement in administrative segregation at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia. Specifically, Plaintiff alleges that he was placed in administrative segregation after being found guilty of two disciplinary violations for possessing contraband, including drugs, in his cell, even though his cellmate took full responsibility

for the contraband and denied that Plaintiff was even aware of it. Plaintiff was sentenced to 60 days of punitive segregation and loss of privileges, and lost 360 days of good conduct time. Upon conclusion of his punitive segregation period, Plaintiff was given notice to appear before the Administrative Segregation Committee, where Defendant Meadows allegedly testified to evidence that was not presented during his disciplinary hearing, resulting in the committee's finding that he should be placed on administrative segregation. Those decisions were upheld on administrative appeal. (ECF No. 2, *passim*).

Plaintiff claims that his disciplinary hearings were based upon false charges, were not conducted by an impartial hearing officer, and otherwise violated his due process rights and constituted double jeopardy under the Fifth and Fourteenth Amendments. Likewise, Plaintiff claims that his placement in administrative segregation was based on false evidence or other errors in the disciplinary proceedings, which were wrongfully upheld. The complaint also alleges that the defendants acted in retaliation for Plaintiff's prior filing of grievances and other civil actions, in violation of the First Amendment. (*Id.*)

Plaintiff also filed a Motion for Preliminary Injunction seeking his release from administrative segregation. (ECF No. 3). In that motion, Plaintiff asserts that his confinement in administrative segregation at MOCC posed an "atypical and significant hardship" in relation to the "ordinary incidents of prison life." (ECF No. 3 at 7). He also asserts that he "was retaliated against for filing of grievances and civil actions." (*Id.*) His motion for preliminary injunction further contends:

> Plaintiff was put on long term segregation due to the undisclosed testimony of Defendant Meadows, "[Defendant] Isaacs stated that he saw Plaintiff taking the handle off of the cell door." (ex. I) Defendant Meadows never presented that information at the disciplinary hearing but entered it into the records at the administrative segregation hearing in violation of due

2

process protections of the Fourteenth Amendment of the U.S. Constitution. (*Id*. at 8). Plaintiff claims that he "is in isolated segregation for a minimum of fourteen (14) months with little to no human contact outside of correctional officers and the occasional medical staff" and that he "is threatened with irreparable harm if not released from Administrative Segregation." (*Id*.) However, he offers nothing more in support of his claim for preliminary injunctive relief than a conclusory allegation that "[t]he Defendants are complicit in violations" of his federal constitutional rights. (*Id*. at 9).

## II.   DISCUSSION

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction, an extraordinary remedy, only on notice to the adverse party. Fed. R. Civ. P. 65(a). "[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather, the discretion of the court to issue such an injunction should be "sparingly exercised." *Id*. at 286. Accordingly, there is an "exceedingly high burden" to obtain preliminary injunctive relief. *Mahmoud v. McKnight*, No. 23-1890, 2024 WL 2164882, at *5 (4th Cir. May 15, 2024).

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7 (2008); *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023); *Mahmoud, supra*, 2024 WL 2164882, at *6 (4th Cir. May 15, 2024). All four factors must be met to justify this extraordinary relief. *Mahmoud*, 2024 WL 2164882, at *6 ("A failure on any factor is a basis for denying a preliminary injunction, regardless of the remaining factors.")

3

To receive, on a temporary basis, the relief that can be granted permanently after trial, Plaintiff must demonstrate by "a clear showing" that he is likely to succeed on the merits at trial, not just that such success is possible. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). Moreover, Plaintiff must make a clear showing that he is likely to be irreparably harmed, and particular attention must also be paid to the public consequences in employing the extraordinary remedy of an injunction. Thus, Plaintiff must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Additionally, courts should grant preliminary injunctive relief involving the management of correctional facilities only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Miles v. Bell,* No. 20-cv-2107, 2021 WL 229674, at *5 (D. Md. Jan. 22, 2021) (finding preliminary injunctive relief was not warranted on prison conditions claims).

After he filed the instant motion for preliminary injunction, Plaintiff was transferred to the Stevens Correctional Center ("SCC") and, apparently, has again been transferred to the Northern Correctional Center ("NCC), in Moundsville, West Virginia, which is within the Northern District of West Virginia.[1] He has not filed any additional information indicating whether he is presently in segregated confinement there. The

---

[1] Pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff is required to notify the Clerk and opposing parties of any changes to his contact information. Although Plaintiff provided notice of his transfer to SCC, he has not provided notice of his current transfer to NCC. The Clerk is directed to modify Plaintiff's address on the docket sheet before mailing this document. Nonetheless, Plaintiff is hereby **NOTIFIED** that the future failure to comply with Local Rule 83.5 will result in the recommended dismissal of this matter for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's requests for declaratory and injunctive relief, including his motion for a preliminary injunction, are moot and must be dismissed. However, his claims for monetary damages may still be viable.

Moreover, based upon the general and conclusory assertions in his motion, Petitioner has not presently demonstrated a likelihood of success on the merits of his claims or that denial of preliminary injunctive relief will cause him actual and imminent harm under his present conditions. Thus, there are no exceptional and compelling circumstances that would justify granting such extraordinary relief. Accordingly, it is

respectfully **RECOMMENDED** that the presiding District Judge **DENY**, without prejudice, Petitioner's Motion for Preliminary Injunction (ECF No. 3).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and the opposing party or parties.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

May 20, 2024

Dwane L. Tinsley
United States Magistrate Judge