```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

STEVEN WILLIAMS,

    Plaintiff,

v.                           Civil Action No. 2:24-cv-00044

WILLIAMS MARSHALL, JARROD WILSON,
JONATHAN FRAME, SHERIE MEYERS,
WILLIAMS MEADOWS, MATTHEW ISAACS,
RICHARD CARTE, RICHARD TONY,
SAMUEL SAVILLA, JOSH WARD, and
DERRICK McKINNEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Steven Williams's Motion for Preliminary Injunction (ECF No. 3), filed January 26, 2024.[1] As plaintiff is proceeding pro se, this matter was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition ("PF&R"). Judge Tinsley entered a PF&R (ECF No. 24) on May 20, 2024, to which neither party has objected.

---

[1] There is also a motion to dismiss (ECF No. 22) pending in this action, which was not ripe at the time the magistrate judge's recommendations were entered.

Plaintiff initiated this action on January 26, 2024, with the filing of a complaint (ECF No. 2) alleging various constitutional and disciplinary violations, brought pursuant to 42 U.S.C. section 1983; he concurrently filed the instant motion for preliminary injunction. Plaintiff alleges that he was improperly placed in administrative segregation in violation of his constitutional rights, at Mount Olive Correctional Complex, where he was incarcerated at the time. PF&R at 1–2. The motion for preliminary injunction seeks plaintiff's release from administrative segregation. Id. at 2.

After filing the motion for preliminary injunction, plaintiff was transferred to Stevens Correctional Center and then to Northern Correctional Center, which, being in Moundsville, West Virginia, is in the Northern District of West Virginia. Id. at 4. Plaintiff "has not filed any additional information indicating whether he is presently in segregated confinement there." Id.

Judge Tinsley recommends that plaintiff's requests for declaratory and injunctive relief be found moot in light of plaintiff's transfer away from the facility where the complained-of conditions occurred, but that his request for monetary damages may still be viable. Id. at 5 (citing Taylor v. Riverside Reg'l Jail Auth., No. 3:11cv456, 2011 WL 6024499,

at *4 (E.D. Va., Dec. 2, 2011); Rendellman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009)).  Considering that plaintiff makes only broad, conclusory statements in support of his motion which do not meet the demanding standards for issuing a preliminary injunction, Judge Tinsley recommends the court deny plaintiff's motion.  Id. at 5-6.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been addressed.  See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).  Objections in this case having been due June 6, 2024, and none having been filed, this matter may be duly adjudicated.

Accordingly, it is ORDERED that:

1. The proposed findings and recommendations of the magistrate judge be, and hereby are, ADOPTED by the court and incorporated herein;
2. The plaintiff's motion for preliminary injunction be, and it hereby is, DENIED; and
3. This matter is referred back to the magistrate judge for further proceedings.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: June 7, 2024

John T. Copenhaver, Jr.
Senior United States District Judge